IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**RODNEY CURTIS HAMRICK**,

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil Action No.:   5:19CV289**
**Criminal Action No.: 5:91cr56**
**(JUDGE STAMP)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 10, 2019, Rodney Curtis Hamrick ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 5:19cv289, ECF No. 1; Criminal Action No. 5:91cr56, ECF No. 104). The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.   FACTS

On May 22, 1991, an eight-count Indictment was returned in the Northern District of West Virginia charging Petitioner with violations of 26 U.S.C. § 5861(f), (d), (e), Manufacture, Possession, and Transferring of a Firearm (Counts One, Two and Three); a violation of 18 U.S.C. § 1760, Mailing of Injurious Material (Count Four); a Violation of

1

18 U.S.C. § 1114, Attempt to Kill the United States Attorney for the Northern District of West Virginia (Count Five); violations of 18 U.S.C. § 924(c), Use of a Firearm During and in Relation to a Crime of Violence (Counts Six and Eight); and a Violation of 18 U.S.C. § 111, Assault with a Dangerous Weapon, on the United States Attorney in the performance of his duties (Count Seven). On October 25, 1991, Petitioner was found guilty of all counts of the Indictment following a jury trial.

The Court sentenced Petitioner to 210 months on Counts 4 and 5. He was also sentenced to 120 months for counts 1, 2, 3, and 7 to run concurrently with each other. The concurrent 120 month sentences were to run concurrently with the 210 month sentence for counts 4 and 5. Finally, Petitioner was sentence to 360 months on counts 6 and 8, that sentence to run consecutively to all the other sentence, for an effective sentence of 570 months.

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction on January 6, 1995 after rehearing en banc. Petitioner's writ of certiorari was denied by the United States Supreme Court on October 2, 1995.

On July 16, 1999, Petitioner, *pro se*, filed a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. On November 5, 1999, Magistrate Judge Seibert filed a report recommending that Petitioner's motion to vacate be denied as time-barred. On September 13, 2001, the Court found there was no basis for tolling the period of limitations and denied Petitioner's motion to vacate as time barred. Petitioner filed a Notice of Appeal on October 10, 2001. On March 7, 2002, the Fourth Circuit denied Petitioner a Certificate of Appealability and dismissed his appeal.

On March 16, 2016, the Fourth Circuit denied Petitioner's motion for authorization to file a successive application for relief.

In his current § 2255 Motion, the Petitioner alleges a "violation of the twin constitutional pillars of due process and separation of powers." By way of explanation, Petitioner maintains that he was convicted and sentenced under 18 U.S.C. § 924(c), a statute that he maintains is unconstitutionally vague because it provides no reliable way to determine which offenses qualify as crimes of violence. Petitioner relies on the decision in United States v. Davis, 139 S.Ct. 2319 (2019).

### III.   ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.

For a motion to be considered successive, a prior motion must have been dismissed on its merits.  See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011). Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, it is well-settled that the dismissal of a claim as

3

untimely filed under the applicable statute of limitations is a disposition on the merits. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise,…any dismissal not under this rules—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989) ("The plain language of [Rule 41 (b)] indicates that the dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is an adjudication on the merits."). The same is true when a § 2255 motion or other habeas petition is dismissed as untimely. Stapleton v. United States, 392 F. Supp.2d 754, 766 (W.D. Va. 2005); see also In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal or Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to AEDPA requirements."); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Villaneuva v. United States, 346 F.3d 55, 58 (2d Cir. 2003) ("We…hold that a first § 2255 that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition.").

For the foregoing reason, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current

federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:19cv289, ECF No. 1; Criminal Action No. 5:91cr56, ECF No. 104] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  October 11, 2019


*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE